LYLES *vs.* MARTIN ET ALS.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF
PRESIDING.

Where a party enters into a contract for the purpose of avoiding litigation, based on full confidence in words told him that "illegitimate children could claim the succession of their mother as forced heirs," the party acts under error of law, for which the contract cannot be rescinded.

This suit was brought to rescind a contract by which the plaintiff had released all her claims upon certain slaves. The plaintiff sought also to recover the slaves as the forced and only heir of her deceased daughter. The defendants were the natural children of the plaintiff's daughter.

The defendants pleaded a general denial. The cause was tried and a judgment rendered for the defendant. The court considered the case as governed by the 1840th article of the *Louisiana Code.* The plaintiff appealed.

MARTIN, J. delivered the opinion of the court.

The plaintiff claimed the rescission of a contract made under the following circumstance.

The defendants are the natural children of her daughter, on whose death she made a contract, by which she recognized them as the natural children of their deceased mother, and stated that she and they had, for the sake of avoiding litigation, compromised and made a transaction with regard to certain slaves left by the plaintiff's daughter, and their issue, by which the descendants, in their capacity of heirs to the deceased, ceded to the plaintiff the usufruct of two of the slaves during her natural life, and she renounced all her right to the remaining slaves, ten in number, in favor of the defendants, as natural children and heirs of her daughter.

The rescission was asked on the ground, that at the time of this contract, she had no other property, and therefore, it

15

LYLES
vs.
MARTIN ET ALS

Where a party enters into a contract for the purpose of avoiding litigation, based on full confidence in words told him that "illegitimate children could claim the succession of their mother as forced heirs," the party acts under error of law, for which the contract cannot be rescinded.

was void as a donation. Further, that there was such an error in the cause and consideration of the contract, that it was null and void; *Louisiana Code*, 1818, 1827; it having been falsely represented to her that the defendants, as natural children, were the forced heirs of her daughter, and would, in that capacity, recover all the slaves.

There was judgment in favor of the defendants, and the plaintiff appealed.

The contract, the rescission of which is sought, was entered into in 1830, and must be regulated by the new Code. The error, under which it is alleged the plaintiff labored, was one of law if any error there was, viz: that the defendants, the illegitimate children of her daughter, could claim the succession of their mother, as her forced heirs.

The petitioner avers in the petition, that " her only object or motive in making said contract, was *for the purpose of avoiding litigation*, respecting the title of said slaves; they being claimed by the defendants, in their supposed quality of heirs to their mother."

The Code expressly provides, that a contract made *for the purpose of avoiding litigation*, cannot be rescinded for error of law, *art.* 1840, *sec.* 2.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Morgan*, for appellant.

*Ogden*, for appellee.